UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **KIMBERLY NORWOOD** | : | **CIVIL ACTION NO. 12-cv-751** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **GROCERS SUPPLY CO. INC., ET AL** | : | **MAGISTRATE JUDGE KAY** |

<u>**MEMORANDUM RULING**</u>

There are two motions before the court.  Plaintiff, Kimberly Norwood, has filed a Motion to Remand.  Doc. 7.  Retail Investors of Texas, Ltd., d/b/a "Market Basket" and Commerce & Industry Insurance Company have filed a Motion to Intervene.  Doc. 17.  For the reasons discussed herein, the Motion to Remand is GRANTED.  Considering our granting of the Motion to Remand we have no jurisdiction to rule on the Motion to Intervene and therefore leave that for disposition by the state court if any further disposition is warranted under the circumstances.

<u>**Background**</u>

Kimberly Norwood instituted suit on February 14, 2012, in the 14th Judicial District Court of Louisiana against defendants Keith Haygood, The Grocers Supply Company, Inc. (hereinafter "Grocers"), and Zurich American Insurance Company (hereinafter "Zurich").  The petition alleges the defendants are liable to her for personal injuries she sustained as the result of a workplace accident.  Doc 1, Att. 1.

On March 23, 2012, Retail Investors of Texas, Ltd., d/b/a "Market Basket" (hereinafter "RIT") and Commerce & Industry Insurance Company (hereinafter "C&I") purported to intervene as plaintiffs in the state court action by filing a facsimile petition.  Doc. 7, pp. 4-6.

They asserted that they previously paid workers compensation benefits to the plaintiff and have a right to recover from the defendants those amounts and any future amounts that may be paid.

Grocers and Zurich removed the case to this court on March 28, 2012.  Doc. 1, Att. 2. They assert that this court has subject matter jurisdiction based upon diversity of citizenship. The notice of removal did not include the claims by the purported intervenors, RIT and C&I, against the defendants.  The removal only included the principal claims by Norwood against the defendants.

Norwood filed a Motion to Remand on April 26, 2012, alleging that removal was improper because the district court lacks diversity subject matter jurisdiction as there is an absence of complete diversity between intervenor RIT and defendants Grocers and Keith Haygood.  Doc. 7, Att. 3, pp. 5-6.  The defendants counter that this court has supplemental jurisdiction of any claims-in-intervention.  Doc. 12, pp. 3, 7-8.

RIT and C&I subsequently filed a Motion to Intervene in the action in this court on June 14, 2012.  Doc. 17.  They also maintain, however, that they timely intervened as plaintiffs in the state court proceeding before the case was removed and that the defendants failed to include the intervention petition when removing the case.  Doc. 17, p. 2.  The defendants counter that RIT and C&I failed to intervene in the state court proceeding as the purported intervention was untimely and ineffective.  Doc. 12, pp. 2, 3.

## Law & Analysis

Defendants claim this court has subject matter jurisdiction over the case on the basis of diversity.  This court enjoys diversity jurisdiction only if amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.  28 U.S.C. § 1332(a)(1).  There is no apparent dispute between the parties that the judicial amount in

controversy exceeds the jurisdictional requirement.   Rather, the dispute ultimately revolves around whether the citizenship requirement is satisfied.

The citizenship provision requires complete diversity among the parties.  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).  This action, as articulated in the notice of removal, involves completely diverse parties.[1]   However, RIT and C&I believe that their domiciles should be considered as they intervened prior to removal.  They also assert that their corporate citizenship should be included even if they failed to intervene prior to removal because they may intervene now as of right.

If RIT and C&I intervened in the state court action *or* enjoy the right to intervene at this point in the litigation, *and* if their interests in this suit are aligned with those of the plaintiff, then there is an absence of complete diversity as RIT shares a domicile with defendants Haygood and Grocers.[2]   The court will consider the motions in reverse order, first determining whether RIT and C&I intervened in state court or should be permitted to intervene now, and then determining whether remand is proper.

1. Motion to Intervene

RIT and C&I allege that they have previously paid workers compensation benefits to the plaintiff for the same injuries that form the basis of the lawsuit.  They sought to intervene in state court and now seek to intervene in this court pursuant to a provision of Louisiana law which affords employers and their workers compensation carriers a cause of action to recover any payments previously made, and any future payment obligations, from a third party tortfeasor. *See* La. Rev. Stat. § 23:1101(B).

---

[1] Plaintiff is a citizen of Louisiana.  Defendant Keith Haygood is a citizen of Texas.  Defendant Grocers is incorporated in Texas and maintains its principal place of business in Texas.  Defendant Zurich is incorporated in New York and maintains its principal place of business in Illinois.
[2] RIT is domiciled in Texas and maintains its principal place of business in Texas.  C&I is a foreign insurer authorized to business in Louisiana.

Assuming that RIT and C&I actually made workers compensation payments to Norwood, then they enjoyed the right to intervene in the Louisiana state court action,[3] and they were entitled to intervene without leave of court until an answer to the principal demand was filed.[4]  In fact, once Norwood filed suit in state court, RIT and C&I were required to intervene in that action or their right to recover would be waived.  *See Porter v. Saia Motor Freight Line, Inc.*, 96-1141 (La. App. 3 Cir. 3/19/97), 692 So. 2d 1197, 1200.

Louisiana law provides that parties may file any paper with the court by facsimile transmission.  La. Rev. Stat. 13:850.  RIT and C&I filed a petition of intervention by facsimile transmission with the state court on March 23, 2012.  *See* Doc. 7, Att. 1.  The document bears the stamp of the Office of the Clerk of Court of Calcasieu Parish, along with the date, time, and method and amount of payment to the court.  The transmission seemingly complied with the requirements for facsimile filing in all respects.

Defendants make a number of arguments in opposition, each of which is without merit. First they argue that the intervention was filed on March 28, 2012 — the date of the Clerk of Court's stamp.  The document clearly indicates that it was filed on March 23, 2012.  While the stamp was imprinted on March 28, 2012, presumably this reflects the date that the forwarded documents were received by the clerk in accordance with Louisiana Revised Statute 13:850(B). Filing was "deemed complete at the time that the facsimile transmission" was effected on March 23, 2012.  La. Rev. Stat. 13:850(A).

---

[3] "A third person having an interest therein may intervene in a pending action to enforce a right related to or connected with the object of the pending action against one or more of the parties thereto by . . . Joining with plaintiff in demanding the same or similar relief against the defendant."  La. Code Civ. Proc. art. 1091(1).

[4] An intervention is an incidental demand. La. Code Civ. Proc. art. 1031(B).  Thus, a petition for intervention "may be filed without leave of court at any time up to and including the time the answer to the principal demand [was] filed."  La. Code Civ. Proc. art. 1033.  None of the defendants answered the principal demand while the case was in state court.  All defendants have filed answers in this court.  *See* Doc. 4 (answer to principal demand by defendants Grocers and Zurich), Doc. 11 (answer to principal demand by defendant Haygood).

Second the defendants submit that they did not receive service or notice of the intervention until April 13, 2012.  Service or notice is not a prerequisite to intervention under Louisiana law.  *See* La. Code Civ. Proc. art. 1091.

Third the defendants include a laundry list of perceived deficiencies in paragraphs 2, 3, and 5 of the intervention.  These alleged deficiencies may have provided grounds for an exception under Louisiana law (*see* La. Code Civ. Proc. Arts. 925-27l); however, the defendants fail to cite any law that these alleged deficiencies have any bearing on the effectiveness of the intervention itself.

The undersigned concludes that RIT and C&I intervened in the state court proceeding prior to removal.  They were parties to this litigation when the case was removed to this court. Finding their intervention to have been consummated in state court we now find ourselves without jurisdiction to consider any additional relief sought.

2.  <u>Motion to Remand</u>

Norwood argues in her Motion to Remand that this court lacks subject matter jurisdiction because there is an absence of complete diversity.  The defendants respond that this court has supplemental jurisdiction over the intervenors' claims.

As mentioned previously, intervenor RIT shares a domicile with defendants Grocers and Haygood.  Resolution of the jurisdictional question necessarily turns on whether the intervenors are aligned with the plaintiff or with the defendants.  If the intervenors are aligned as plaintiffs in this litigation, then the court lacks both diversity and supplemental jurisdiction; however, if the intervenors are aligned as defendants, then the court has diversity and/or supplemental jurisdiction.

RIT and C&I claimed that they were intervening on the side of the plaintiff in the state court action.   However, a party's own classification of their role in the litigation is not dispositive.  It is the duty of this court to "look beyond the pleadings, and arrange the parties according to their sides in the dispute." *City of Indianapolis v. Chase Nat. Bank of City of N.Y.*, 314 U.S. 63, 69 (1941) (quoting *Dawson v. Columbia Ave. Sav. Fund, Safe Deposit, Title & Trust Co.*, 197 U.S. 178, 180 (1905)).  The question is whether there is an "actual, substantial controversy between citizens of different states," and this court must look to the "principal purpose of the suit and the primary and controlling matter in dispute." *Indemnity Ins. Co. of N.A. v. First Nat. Bank at Winter Park, Fla.*, 351 F.2d 519, 522 (5th Cir. 1965) (citing *City of Indianapolis*, 314 U.S. 63).  Thus the court will conduct its own review of the party's interest in the litigation and determine whether they are more appropriately aligned with the plaintiff or defendants.

Norwood submits that *Dushane v. Gallagher Kaiser Corp.*, No. 05-0171, 2005 WL 1959151 (W.D. La. Aug. 10, 2005), supports the position that the intervenors' interests are aligned with hers.  This is the only case provided by the parties that squarely confronts the alignment question in the context of workers compensation.  There the court remanded the case to the state court after concluding that the court lacked "supplemental jurisdiction over the employer's intervention, when the employer [was] not diverse from all defendants but [was] diverse from the plaintiff." *Id.* at *1.  The court's analyzed the alignment issue as follows:

> After careful consideration, the court finds GM is more properly considered an intervenor-plaintiff. If allowed to intervene, GM no doubt will align itself with Plaintiffs, as it is in GM's interest for Plaintiffs to maximize their recovery against Defendants and thereby increase the potential for GM to recover all of the worker's compensation benefits it already has paid Plaintiffs. The less Plaintiffs recover, the less reimbursement GM will receive. If Plaintiffs had not filed a suit at all, and GM filed its own suit against Defendants to seek reimbursement, GM would be considered a plaintiff in every sense of the word. The difference here is

that the injured employee filed his own suit, thus relegating GM to the status of putative intervenor.

*Id.* at *6.  At least two other federal district courts in Louisiana have addressed the alignment issue in the workers compensation context, and they both supported a plaintiff-side alignment.[5] The court finds this analysis persuasive and concludes that the interests of RIT and C&I are more closely aligned with the plaintiff.

The defendants submit that the holding of *Dushane* should be limited to its facts, and in any event, it should only govern a claim for past benefits already paid.  This argument is unpersuasive for several reasons.  One, the distinction between benefits already paid and future obligations is one without a difference.  To the extent that a workers compensation carrier has already paid support or will owe support in the future, it has an interest in seeing their injured employee receive the maximum amount possible from the third party tortfeasor(s).  Two, the defendants' position is untenable.  In the event that a workers compensation carrier has already paid compensation *and* intends to make future payments, their interests would be partially-aligned with the plaintiff and partially-aligned with the defendant.  Jurisdictional rules would be impossible to apply if an intervenor came in on *both* sides of the case.  *See* Fed. R. Civ. P. 24, *see also* 28 U.S.C. § 1367.  Third, this court agrees with the analysis of *Paxton*, 2008 WL 4977299 at *7 n.27.  Compensation already paid and future compensation obligations are both injuries an employer has sustained as a result of the alleged conduct of a third party tortfeasor.

---

[5] *See Paxton v. Kirk Key Interlock Co., LLC*, No. 08-583, 2008 WL 4977299, *7 n.27 (M.D. La. Oct. 21, 2008), *report and recommendation rejected in part on other grounds*, No. 08-583, 2008 WL 5043428 (M.D. La. Nov. 21, 2008) ("Since both Dow and the plaintiffs in this suit share the same ultimate interest as against ABB, i.e., recovery of losses sustained (in the form of injuries and worker's compensation benefits paid or obligated to be paid in the future), as a result of ABB's allegedly defective switchgear equipment and since Dow offers no resistance to the substance of the plaintiffs' claims against ABB and merely seeks its statutorily-created right to reimbursement based upon the substance of plaintiffs' claims, Dow should be realigned as a party plaintiff herein."); *Head v. Chesapeake Operating, Inc.*, No. 10-0444, 2010 WL 2246394, *1 (W.D. La. May 26, 2010) ("The worker's compensation intervenor in a case like this is aligned as a plaintiff, so its citizenship must be diverse from that of all defendants or diversity will be destroyed.").

The defendants argue that *Kelly v. Scottsdale Ins.*, 465 Fed. Appx. 296 (5th Cir. 2012), stands for the proposition that a workers compensation carrier is properly aligned with the defendants.  The court of appeals in *Kelly* affirmed a decision of the trial court granting summary judgment to the defendant UM carrier.  *Id.* at 297.  The motion was granted only to the extent that the intervening employer could not seek reimbursement from the defendant UM carrier of the intervening employer under the theory that the intervening employer was subrogated to the rights of the plaintiff employer when workers compensations payments were made.  *Id.* at 297, 301.  The court held that the UM carrier and the employer were bound *in solido* to the employee, and a subrogation-based theory of reimbursement would impermissibly entitle the plaintiff employee to double recovery.  *Id.* at 298-99.

The *Kelly* decision does not govern the instant case.  The court was faced with a motion for summary judgment.  *Id.* at 298.  It did not address the proper alignment of the intervenors, and there is no language in the opinion that suggests the appropriate method to interpret the interests of intervening workers compensation carriers under Louisiana law.

Defendants argue that despite the procedural differences, the rationale of *Kelly* governs because of the *in solido* nature of liability.  However, the mere fact that a workers compensation carrier and third party tortfeasor may be solidarily liable to an injured employer does not mean that the interests of the carrier and tortfeasor are automatically aligned.  As the *Dushane* court discussed, an intervening employer has a strong interest in ensuring that the injured employee to whom they have paid out compensation recovers damages from the third party tortfeasor.  2005 WL 1959151 at *6.  The interests of the employer and the third party tortfeasor are wholly adverse.

-8-

This court concludes that the interests of the intervenors are more aligned with the plaintiff than the defendants and turns to the question of whether this court has subject matter jurisdiction over the claim.

The defendants' original basis for removal alleged that diversity of parties granted this court subject matter jurisdiction.  However, this allegation failed to include the domicile of RIT and C&I in this calculus.  As detailed above, RIT is a domiciliary of Texas, and the defendants, Grocers Supply Co. and Keith Haygood, are also domiciled in Texas.  Thus, there is an absence of complete diversity necessary to satisfy the requirements of 28 U.S.C. § 1332.

This court may exercise supplemental jurisdiction over "claims that involve the . . . intervention of additional parties" when those claims "are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a).  However, the intervenors are parties made plaintiff under Rule 24 of the Federal Rules of Civil Procedure.  The court may not exercise supplemental jurisdiction "over claims by plaintiffs . . . interven[ing] as plaintiffs under Rule 24 . . . when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of [28 U.S.C. §] 1332."  28 U.S.C. § 1367(b).  Thus, this court lacks supplemental jurisdiction over the claims of RIT and C&I because, as previously discussed, there is an absence of complete diversity.

### Conclusion

The Motion to Intervene is DENIED as MOOT insofar as the court concludes that RIT and C&I properly intervened in the state court action prior to the defendants' removal to federal court.

The Motion to Remand is GRANTED.  The court finds that the interests of the intervenors RIT and C&I are aligned with the plaintiff given the substantive workers' compensation laws of Louisiana and the facts of this case.  Considering this alignment, the court concludes that neither 28 U.S.C. § 1332 nor 28 U.S.C. §1367 confer subject matter jurisdiction upon this court.

A separate order of remand is being issued herewith.  As set forth in that order, the effect of the order will be suspended for a period of fourteen (14) days from today's date to allow the parties to appeal to the district court for review.  Should either party seek review from the district court, then the effect of this order is suspended until final resolution of the issue by the district court.

THUS DONE this 25th day of February, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE